Hillsborough, } No. 3310.
March 3, 1942. }

RALPH S. SMITH *v.* SALEM COCA-COLA BOTTLING CO., INC.

*John J. Broderick* (by brief and orally), for the plaintiff.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendant.

PAGE, J.   I.   The plaintiff contends that there has been a breach of implied warranty of fitness and merchantability under the Uniform Sales Act, P. L., *c.* 166, *s.* 15, paragraphs I and II.   It is diffi-cult to conceive that there is an implied warranty of merchantability to the consumer, who buys for use and not for resale.   But however that may be, the question whether that implied warranty runs with the goods to other than immediate purchasers, would seem, from the similarity of the language in the two paragraphs mentioned, to be answered the same way in both instances.   The warranty of fitness does not run with foods in general, but inures to the benefit of the immediate purchaser only.   *Hazelton* v. *Company*, 88 N. H. 409.   A similar result was reached in the earlier case of *Howson* v. *Company*, 87 N. H. 200, 203, though in that case there was no question whether there might be an exception to the rule of privity in favor of members of the family of the purchaser of foods in

general. So it has already been determined that there is no exception to the rule of privity because the goods are foods or because the ultimate consumer is a member of the family of the last purchaser. If the last purchaser is an agent of the injured consumer, the warranty is made directly to the consumer, since there is the privity of agency, but the consumer's right extends no further than to the dealer who sold to his agent. *Wadleigh* v. *Howson*, 88 N. H. 365. Only so far has the rule gone in this jurisdiction.

It is now contended that we should recognize an exception to the rule of privity where food or beverages are put out by the manufacturer or packer in original packages ready for consumption, and advertisements concerning value and quality are directed to the ultimate consumer. In such cases, it is argued, the producer looks necessarily to the sub-vendee (logically the plaintiff means whoever may consume the goods) for ultimate use, and makes his warranty accordingly. The consumer, by mere use, makes the market for the producer. Therefore, the argument runs, there is privity between these particular extremes of the marketing process. We have examined the line of cases and comment which in the past generation have declared or advocated such a rule. The states holding to this theory sometimes call it the majority rule, but we are satisfied that it is the minority rule. It has never had any countenance here at common law.

But the plaintiff argues that in passing the Uniform Sales Act the legislature abolished the common-law concept of privity. One case has been found holding, without much discussion, that the act discloses the "clear intent" of the legislature that strict privity should not be essential for recovery on the warranty of food in the original package. *Klein* v. *Company*, 14 Cal. (2d), 272. The result seems on principle inconsistent with *Hazelton* v. *Company*, *supra*, 411, 412, even though the latter case did not involve packaged, advertised goods. Nowhere in the act are food and beverages separately classified, whether generally or when sealed in packages and nationally advertised. There is, therefore, not the slightest indication that the legislature had any such intention as the plaintiff argues.

On the contrary, the legislature defined "buyer" and "seller" by clear implication in section 1 of the Uniform Act: "I. A contract to sell goods is a contract whereby the seller agrees to transfer the property and goods to the buyer for a consideration called the price. II. A sale of goods is an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price."

Of course the ultimate seller may be the agent of the more remote person in the line of marketing (*Rogers* v. *Company*, 91 N. H. 398), thus establishing a true privity, but there is no indication of agency in the facts now disclosed, since the last seller is described as "an independent dealer." The plaintiff did not agree to buy from the defendant, nor did he in fact buy from him. The defendant did not transfer the property to the plaintiff, but to the independent dealer. Therefore the defendant was not the seller, as defined by the act, and equally the plaintiff was not the buyer.

The act gives the buyer, as so defined, certain remedies against the seller, as so defined, for breach of warranty (*s.* 69), and the remedies cannot be taken as intended to extend further. Consequently the plaintiff has no remedy in an action on the warranty of fitness directly against the defendant. But this does not affect, it may be, the right of the consumer to recover in an action of warranty against the dealer, or the recovery in turn by the dealer on the bottler's warranty, provided there was in fact a breach of the warranty at the time of each transfer of title. *McSpedon* v. *Kunz*, 271 N. Y. 131.

II. The deposition of the defendant's general manager was taken on the issue of negligence. The only question before us on this issue of negligence is whether, independently of any other evidence that might be adduced, a jury would be justified in finding for the plaintiff. The defendant's processing, as described in this deposition, including the washing, filling and capping of the bottles, was modern in every respect, and the machine used was of the best type known. The filters were inspected twice daily. The bottles were inspected twice, once when they came from the washer, in a good light, and a second time after filling and capping, this time over two one hundred-watt electric bulbs. Competent workmen were employed. If there was negligence in the processing or inspection which caused the injuries now complained of, it does not appear in the deposition. *Ballas* v. *Company*, 90 N. H. 428, 431.

Both questions transferred are answered in the negative.

*Case discharged.*

All concurred.